

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 9, 1948

Hon. George B. Butler, Chairman
Board of Insurance Commissioners
Austin, Texas                    Opinion No. V-729.

                                 Re:  The legality of a
                                      County Mutual Insur-
                                      ance Company, under
                                      Article 4860a-20,
                                      Vernon's Civil Stat-
                                      utes, writing insur-
                                      ance outside of Texas.

Dear Mr. Butler:

        Your letter of October 25, 1948, asks our opin-
ion on the following question:

        "Please advise me whether a County Mu-
    tual Insurance Company, organized and oper-
    ating under Article 4860a-20, Vernon's Stat-
    utes, may write insurance outside of Texas,
    if its reserve fund, or policyholders con-
    tingent liability, or both such reserve fund
    and contingent liability taken together, ex-
    ceeds the sum of Fifty Thousand Dollars
    ($50,000)."

        Article 4860a-20, Vernon's Civil Statutes, con-
tains only two Sections specifically limiting the terri-
tory in which County Mutual Insurance Companies may enter
into insurance contracts.

        Section 15 provides:

        "A County Mutual Insurance Company may
    write insurance (a) in any County adjoining
    the County in and for which it is organized,
    or (b) in any County in which no County Mu-
    tual Insurance Company has been organized, or
    (c) anywhere, if its reserve fund, or policy-
    holders contingent liability, or both such re-
    serve fund and contingent liability taken to-
    gether, exceeds the sum of Fifty Thousand
    ($50,000.00) Dollars."  (Emphasis supplied)

Section 20 provides, in part:

"County Mutual Insurance Companies may reinsure any or all of their risks against any or all hazards which they are permitted to insure against with any other company or companies.

"They shall have power and authority to make and enter into mutual or reciprocal reinsurance contracts with other Companies on the mutual or cooperative plan; provided that no County Mutual shall write or assume the reinsurance on any other property than the property it is permitted to insure, or on property situated outside of the State of Texas; . . ." (Emphasis supplied)

Having expressly limited the authority to assume the reinsurance of property to that situated in Texas, there arises an implication that the Legislature did not intend to so limit the assumption of primary insurance to property situated in the State, except as limited by Section 15 where the company's reserve fund or policyholders contingent liability, or both, is $50,000.00 or less.

There is nothing essentially different in the scheme of organization of "County Mutuals" from the scheme of any other type of mutual or reciprocal insurance organization. Many types of companies are restricted in various ways unless the capital, reserves or surplus exceed stipulated amounts, or unless certain excess coverages are reinsured. No other type of insurance company, nor, for that matter, other type of business corporation, is ordinarily restricted to operations within the territorial limits of the State of Texas, other than by operation of laws in other States governing the territory outside of Texas. The flat authority granted by Section 15 to operate "anywhere" if the reserve or contingent liabilities of members exceed the stipulated amount, when considered in the light of the absence of territorial restrictions on corporations and individuals generally, indicates the absence of any intent on the part of the Legislature to impose the suggested limitation, and you are so advised.

Of course, the fact that under Texas law these companies may operate beyond the borders of the State, does not mean that the laws of other States permit such operation.

## SUMMARY

County Mutual Insurance Companies with a reserve fund or policyholders contingent liability, or both taken together, in excess of $50,000.00, may write insurance outside of Texas. Article 4860a-20, Section 15, Vernon's Civil Statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ned McDaniel*

Ned McDaniel
Assistant

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL.

NMc:jmc